# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50320 | **DATE** | 12/2/2003 |
| **CASE TITLE** | Dahlmeier vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, Dahlmeier's Motion for Fees is granted. This court grants Dahlmeier attorney's fees in the amount of $3465.75.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

number of notices

DEC 0 2 2003
date docketed

docketing deputy initials

12/2/2003
date mailed notice

sp
mailing deputy initials

sp
courtroom deputy's initials

**Document Number**

FILED-WB
03 DEC -2 AM II: 59
CLERK
U.S. DISTRICT COURT

Date/time received in central Clerk's Office

| | | |
|---|---|---|
| KEN L. DAHLMEIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02 C 50320 |
| | ) | |
| JO ANNE BARNHART, Commissioner | ) | Philip G. Reinhard |
| of Social Security | ) | P. Michael Mahoney |
| | ) | |
| Defendants. | ) | |

### Memorandum Opinion and Order

Ken Dahlmeier ("Dahlmeier") seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On July 23, 2003, this court remanded for further consideration Dahlmeier's application for Disability Insurance Benefits ("DIB"). Dahlmeier claims he is entitled to fees under the EAJA because the Commissioner's position in defending the decision of the Administrative Law Judge ("ALJ") was not "substantially justified." For the reasons state below, Dahlmeier's Motion for an Award of Attorney's Fees Pursuant to the EAJA ("Motion for fees") is granted.

### Background

The facts of this case have been discussed in greater detail in one of this court's previous opinions, *Dahlmeier v. Barnhart*, 02 C 50320, 2003 WL 21730135 (N.D. Ill July 23, 2003), and thus, for the purposes of this motion, this court will only briefly summarize the relevant facts here.

Dahlmeier filed for DIB on February 17, 2000, claiming that he was unable to work due to severe knee problems. Dahlmeier's application was denied initially and on reconsideration. He filed and received a hearing before an ALJ, but the ALJ denied his claim. Following a denial of benefits,

Dahlmeier filed an action seeking judicial review pursuant to 42 U.S.C. § 405(g). This court granted summary judgment for Dahlmeier and remanded the case for further consideration at Step Five.

## Discussion

Under the EAJA, Dahlmeier is entitled to fees if she is 1) a prevailing party; 2) the position of the United States was not "substantially justified;" 3) no special circumstances exist that would make an award unjust; and 4) a fee application is submitted within thirty days of the final judgment in the action. 28 § U.S.C. 2412(d)(1); *see also Banks v. Barnhart*, No. 01 C 382, 2003 WL 22019796, at *1 (N.D. Ill. Aug. 26, 2003). The Commissioner does not dispute that Dahlmeier is the prevailing party or that the application was timely filled. Rather, the only issue is whether the Commissioner's position was "substantially justified."

The fact that the Commissioner did not prevail creates no presumption in favor of awarding fees. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). Rather, the Commissioner bears the burden of showing that the government's position was "substantially justified." *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991). Substantial justification is demonstrated when the government position is ground in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Elster v. Barnhart*, No. 01 C 4085, 2003 WL 21799938, at *1 (N.D. Ill. July 29, 2003)(quoting *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1078 (7th Cir. 2000)).

A.    *Attorney's Fees*

This court found that the ALJ's decision to deny benefits to Dahlmeier was not supported by substantial evidence. Specifically, at Step Five, this court stated that it is "unclear as to what

2

type of work is available for Plaintiff in the regional economy," because the ALJ did not develop "a clear path of reasoning for the court to follow." *Dahlmeier*, 2003 WL 21730135, at *9. Additionally, this court was deeply "concerned with Mr. Yep's [the vocational expert] testimony regarding Plaintiff's ability to work at the light exertional level as an equipment operator" because of Dahlmeier's use of a cane. *Id.* at *10. It is because of these findings, that the court now concludes that the Commissioner was not substantially justified.

The ALJ's decision lacks a factual basis. It is clear, from both Dahlmeier's testimony and the medical records, that Dahlmeier's need of a cane would eliminate him from performing any jobs that needed foot pedal operation. The vocational expert testified that the use of a cane would imply that a person has a weakness or a problem in their leg. Nevertheless, the ALJ found Dahlmeier could perform equipment operator jobs, but the required use of Dahlmeier's feet or legs as an equipment operator was never factually determined. The ALJ's lack of a factual basis, in turn, made it impossible for this court to follow a clear path of reasoning in the ALJ's decision. This alone demands a finding that the Commissioner was not substantially justified. *See Scott v. Barnhart*, No. 99 C 4651, 2003 WL 1524624, at *4 (N.D. Ill. Mar. 21, 2003)(it is a "well-established legal principle that if an ALJ's decision ... does not allow a court to determine that it has an adequate factual basis ... then the Commissioner's position in relying upon it cannot be substantially justified").

B.    *Reasonableness of Fees*

Having determined that Dahlmeier is entitled to attorney's fees, this court turns to whether the fees requested are reasonable. Dahlmeier requests $3465.75 in fees and expenses, representing 17.50 hours of work. The Commissioner does not dispute the hours or the amount

and this court finds no reason to either. The hours spent and amount sought by Mr. McCarty appear reasonable to this court.

## Conclusion

For the above stated reasons, Dahlmeier's Motion for Fees is granted. This court grants Dahlmeier attorney's fees in the amount of $3465.75.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 12/2/03